IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOREL SHOPHAR and
SASUAH SHOPHAR,

      Plaintiffs,

v.

UNITED STATES OF AMERICA, et al.,

      Defendants.

Case No. 5:19-cv-04052-HLT

**MEMORANDUM AND ORDER**

    Plaintiffs Jorel Shophar[1] and Sasuah Shophar, proceeding pro se,[2] bring this action against various entities and individuals who, they contend, violated their constitutional rights when they "illegally" placed two of Plaintiff Jorel Shophar's minor children in state custody. Plaintiffs seek a writ of habeas corpus directing that the children be returned to their custody and also assert claims under 42 U.S.C. § 1983 and a number of other federal statutes. This is at least the fourteenth lawsuit filed by Plaintiff Jorel Shophar in various state and federal courts stemming from these custody issues.[3]

---

[1] Plaintiff Jorel Shophar also purports to bring this action as "next friend" on behalf of his five minor children: J.S. (age 6) and B.S. (age 7), along with siblings E.S., Z.S., and R.S. (ages 3, 13, and 16, respectively). But "under Rule 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney." *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986). The court should raise this issue sua sponte. *Oltremari by McDaniel v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1361 (D. Kan. 1994). Therefore, any claims asserted on behalf of these children are dismissed.

[2] Because Plaintiffs proceed pro se, their pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court does not, however, assume the role of advocate. *Id.*

[3] In a case filed by Plaintiff Jorel Shophar in the U.S. District Court for the Eastern District of Michigan, the judge noted that Plaintiff Jorel Shophar had filed thirteen lawsuits arising out of his custody dispute—making this (at least) the fourteenth. *See Shophar v. Gorski*, 2018 WL 4442268, at *4 (E.D. Mich. 2018). Indeed, in that case, the judge—noting Plaintiff Jorel Shophar's "disturbing litigation conduct"—entered a permanent injunction barring Plaintiff Jorel Shophar from filing any new federal actions in that district without obtaining leave of court. *Id.*

Defendants Kathleen Sloan, Erica Miller, Kansas Department of Children and Families, Stacey Bray, Richard Klein, KVC Health, Saarah Ahmad, and Kimberly Smith move to dismiss Plaintiffs' petition pursuant to Rules 12(b)(1) and 12(b)(6).[4] Docs. 34, 57, 76. As more fully explained below, the Court finds that it lacks subject matter jurisdiction over the asserted claims and, therefore, dismisses this case without prejudice.

I. **BACKGROUND**

This action is essentially a challenge to a state court child custody order. Plaintiff Jorel Shophar and a woman named Krissy Gorski had two children together, identified herein as J.S. and B.S. On August 12, 2015, Gorski took the children away from Plaintiff Jorel Shophar, went to a safe home, and reported to various agencies that he was abusing her and the children. Ultimately, in September 2015, the District Court of Johnson County, Kansas placed J.S. and B.S. into custody of the Kansas Department of Children and Families ("DCF"); the children were accordingly placed with foster parents.

Although the petition is somewhat unclear on this point, subsequent to the initial September 2015 custody ruling, a Child in Need of Care ("CINC") case pertaining to the two children was initiated with the state court. In connection with those proceedings, in an order dated April 22, 2019 (which Plaintiffs include in their petition), the state court found that J.S. and B.S. were "children in need of care" and ordered that they remain in state custody. A little over a month later, on May 24, 2019, Plaintiffs filed a "petition for emergency writ of habeas corpus," naming as defendants a number of individuals and entities involved in the state court child custody proceedings: Kathleen Sloan (the judge who presided over the proceedings); Erica Miller (assistant

---

[4] Judge Sloan, Miller, DCF, and Bray also move pursuant to Rule 12(b)(5), alleging insufficient service of process as a basis for dismissal. *See* Doc. 34. But the Court notes that the docket reflects that Plaintiffs have since effected service on these defendants. Docs 49, 51, 52, 53. And, regardless, because the Court ultimately finds dismissal is warranted under Rule 12(b)(1) (*see supra* Part II), the Court does not reach the merits of this argument.

district attorney); DCF; Stacey Bray (DCF case worker); Richard Klein (guardian ad litem); KVC Health ("KVC") (a private child advocacy organization); Saarah Ahmad (KVC case worker); Kimberly Smith (KVC case worker); Marc Berry (Gorski's court-appointed attorney); Paul LaFleur (Plaintiff Jorel Shophar's brother); and Teena and Nathan Wilkie (foster parents). Plaintiffs also name the United States of America as a defendant to this case.[5]

Plaintiffs' petition—which is often nonsensical and difficult to understand—pertains to the alleged treatment of J.S. and B.S. while in state custody. Generally, Plaintiffs allege the children have been subjected to physical, sexual, and emotional abuse while in the custody of Gorski (who is not a defendant to this action) and their foster parents. Plaintiffs claim that B.S. nonetheless remains in the custody of his foster parents and that J.S. is currently in a "psychiatric hospital." Although the exact nature of the claims in this action is somewhat difficult to decipher—indeed, Plaintiffs' petition references a laundry list of federal statutes and constitutional rights[6]—Plaintiffs ultimately appear to allege various due process violations stemming from the state court custody proceedings. Plaintiffs request monetary, injunctive, and declaratory relief, and also seek a writ of habeas corpus directing that J.S. and B.S. be returned to their custody.

## II. ANALYSIS

Eight of the thirteen named defendants—namely, Judge Sloan, Miller, DCF, Bray, Klein, KVC, Ahmad, and Smith—now move to dismiss pursuant to Rules 12(b)(1) and 12(b)(6), arguing, generally, that the Court lacks subject matter jurisdiction over this action and that Plaintiffs fail to

---

[5] The Court notes that Defendants Berry, LaFleur, Teena Wilkie, Nathan Wilkie, and the United States of America are not parties to the pending motions.

[6] The various statutes and provisions raised by Plaintiffs include: the "Child Welfare Act Victims of Abuse Act"; the "Interstate Compact Placement of Children"; the "Fostering Connections Success Act"; the "Victims of Abuse Act"; "Social Security Act IV-E"; 18 U.S.C. § 1519 (falsification of records); 18 U.S.C. § 1201 (kidnapping); 18 U.S.C. § 2258 (failure to report child abuse); 18 U.S.C. § 2261A(2)(B) (harassment); 28 U.S.C. § 4101 (defamation); 42 U.S.C. § 1983; and the Fourth and Fourteenth Amendments.

state a claim for relief. Docs. 34, 57, 76. Because federal courts have an independent obligation to determine whether subject matter jurisdiction exists (even in the absence of a challenge from any party), the Court first addresses its jurisdiction. *See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006); *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) (holding that where the court lacks subject matter jurisdiction, it "must dismiss the cause <u>at any stage</u> of the proceedings in which it becomes apparent that jurisdiction is lacking"). In doing so, the Court finds that it lacks jurisdiction to consider Plaintiffs' claims on three separate bases. The Court addresses each jurisdictional defect in turn.

First, "it is well established that federal courts lack jurisdiction over the whole subject of the domestic relations of husband and wife, and parent and child." *Gordon v. Respondent*, 2007 WL 628205, at *1 (D. Kan. 2007); *see also Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (noting that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States") (internal quotations omitted). This rule—known as the "domestic-relations exception"—means that "a federal court cannot 'reopen, reissue, correct, or modify' an order in a domestic-relations case." *Alfaro v. Cty. of Arapahoe*, 766 F. App'x 657, 659 (10th Cir. 2019) (internal quotations omitted). Here, Plaintiffs' petition—seeking a writ directing that J.S. and B.S. be returned to their custody—is essentially a request to "undo" the state court's order placing J.S. and B.S. in state custody. Therefore, the relief Plaintiffs seek is, at least in large part, that the Court invalidate the child custody order entered by the state court, which is essentially a request to modify that order. The Court lacks jurisdiction to issue such relief.

Second, habeas writs are not available in child custody matters. Indeed, "federal habeas has never been available to challenge parental rights or child custody." *Lehman v. Lycoming Cty.*

*Children's Servs. Agency*, 458 U.S. 502, 511 (1982); *see also Roman-Nose v. N.M. Dep't of Human Servs.*, 967 F.2d 435, 436 (10th Cir. 1992) ("A state-court judgment involuntarily terminating parental rights cannot be collaterally attacked by way of a habeas corpus petition."); *Braun v. Stovall*, 1996 WL 211737, at *1 (10th Cir. 1996) (holding that "[f]ederal courts do not have jurisdiction under § 2254 to consider collateral challenges to state child-custody decisions"). And the Supreme Court has recognized that "extending the federal writ to challenges to state child-custody decisions—<u>challenges based on alleged constitutional defects collateral to the actual custody decision</u>—would be an unprecedented expansion of the jurisdiction of the lower federal courts." *Lehman*, 458 U.S. at 512 (emphasis added). Again, Plaintiffs' challenge is essentially a request to "undo" the state court's order placing Plaintiff Jorel Shophar's children in state custody. But Plaintiffs cannot use federal habeas relief as a vehicle to undo the state court custody decision. And, similarly, the Court does not have jurisdiction to consider Plaintiffs' claims for violations of due process collateral to that custody decision.

Third, and finally, the Court finds that, to the extent Plaintiffs contest actions taken by the state court in the underlying custody proceedings, it lacks jurisdiction to consider such claims under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine provides that federal district courts generally lack subject matter jurisdiction over claims that seek review of adverse state court judgments. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 416 (1923) (holding that "no court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify [a state court's] judgment for errors"); *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010)

("Because it implicates our subject matter jurisdiction, we address [whether] the *Rooker-Feldman* doctrine bars this entire § 1983 suit before turning to the merits of the case.").

Specifically, the doctrine deprives federal courts of jurisdiction to consider a claim when the plaintiff—a "state-court loser"—is "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also McDonald v. Colo.'s 5th Judicial Dist.*, 646 F. App'x 697, 699 (10th Cir. 2016). This prohibition extends to all state court decisions, final or otherwise, and covers both claims actually decided by the state court and issues "inextricably intertwined" with such claims. *Atkinson-Bird v. Utah, Div. of Child & Family Servs.*, 92 F. App'x 645, 647 (10th Cir. 2004). To determine whether *Rooker-Feldman* applies, the Tenth Circuit instructs the district court to first identify the state court judgment that the court cannot undo or review in any way, and, second, determine whether the plaintiff's claim alleges injury caused by the state court judgment that the court would have to review and reject in order for the plaintiff to succeed. *McHenry v. Burch*, 2010 WL 5287732, at *4 (D. Kan. 2010) (citing *PJ ex rel. Jensen*, 603 F.3d at 1193-94).

The Court accordingly first identifies the state court actions it cannot undo or review: here, the child custody order related to J.S. and B.S. Second, the Court analyzes whether Plaintiffs' asserted claims allege injury caused by that order that the Court would have to review and reject in order for Plaintiffs to prevail. Here, as discussed above, Plaintiffs request custody of the children and assert injuries related to the manner in which the state court custody proceedings were conducted. In other words, Plaintiffs' claims are little more than a thinly disguised effort to overturn, or at least call into question the validity of, the rulings entered in the state court child custody proceedings. The relief Plaintiffs request is precisely the type of claim encompassed by

6

the *Rooker-Feldman* doctrine. The Court therefore may not consider Plaintiffs' challenges to the state court child custody proceedings and any such claim is barred.

For all of these reasons, the Court finds that it lacks subject matter jurisdiction over Plaintiffs' claims in this action and, accordingly, those claims are dismissed pursuant to Rule 12(b)(1) without prejudice.[7][8]

## III. CONCLUSION

THE COURT THEREFORE ORDERS that the Motion to Dismiss filed by Defendants Kathleen Sloan, Erica Miller, Kansas Department of Children and Families, and Stacey Bray (Doc. 34) is GRANTED.

THE COURT FURTHER ORDERS that the Motion to Dismiss filed by Defendants KVC Health, Saarah Ahmad, and Kimberly Smith (Doc. 57) is GRANTED.

THE COURT FURTHER ORDERS that the Motion to Dismiss filed by Defendant Richard Klein (Doc. 76) is GRANTED.

This case is hereby DISMISSED WITHOUT PREJUDICE against all Defendants for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated: December 9, 2019    /s/ *Holly L. Teeter*
　　　　　　　　　　　　　　HOLLY L. TEETER
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[7] Even to the extent this action is not subject to dismissal for lack of subject matter jurisdiction, Plaintiffs' claims also merit dismissal under Rule 12(b)(6) for failure to state a claim for the reasons set forth in the dismissal briefing. Docs. 34-35, 57-58, 76-77.

[8] The Court's conclusion that it lacks subject matter jurisdiction requires dismissal of Plaintiffs' claims against all Defendants. Although all Defendants have not attacked the Court's jurisdiction (*see supra* note 5, noting that not all Defendants have moved to dismiss), the Court again notes its power to determine sua sponte that it cannot assert subject matter jurisdiction over this matter. *See 1mage Software*, 459 F.3d at 1048 (because federal courts have an independent obligation to determine whether subject matter jurisdiction exists, a court may sua sponte raise that question at any stage in the litigation). Finally, the Court also notes that the same arguments raised with respect to subject matter jurisdiction in this case apply equally to all Defendants, and Plaintiffs have had the opportunity to fully respond to those arguments.