FILED
United States Court of Appeals
Tenth Circuit

December 2, 2020

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

─────────────────────────────

| | |
|---|---|
| JOREL SHOPHAR; SASUAH SHOPHAR,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>UNITED STATES OF AMERICA; KATHLEEN L. SLOAN; ERICA MILLER; KANSAS DEPARTMENT OF CHILDREN AND FAMILIES; STACEY BRAY; RICHARD KLEIN; MARC BERRY; KVC HEALTH; SAARAH AHMAD; KIMBERLY SMITH; PAUL LAFLEUR; TEENA WILKIE; NATHAN WILKIE,<br><br>Defendants - Appellees. | No. 19-3281<br>(D.C. No. 5:19-CV-04052-HLT-KGG)<br>(D. Kan.) |

─────────────────────────────

### ORDER AND JUDGMENT[*]

─────────────────────────────

Before **HARTZ**, **McHUGH**, and **CARSON**, Circuit Judges.

─────────────────────────────

Jorel and Sasuah Shophar, husband and wife, appeal from the district court's order holding that the federal courts have no power to grant or restore Mr. Shophar's

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

custody over two children he fathered with a woman named Krissy Gorski. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

I.  BACKGROUND & PROCEDURAL HISTORY

This is the second time Mr. Shophar has brought the matter of his and Ms. Gorski's children to our attention. *See Shophar v. City of Olathe*, 723 F. App'x 579 (10th Cir. 2018), *cert. denied sub nom. Shophar v. Kansas*, 140 S. Ct. 454 (2019). As we recounted in our prior disposition, Ms. Gorski left Mr. Shophar in August 2015, taking their children with her. *See id*. at 580. Kansas authorities investigated Mr. Shophar for domestic abuse, which he denied. *See id*. He in turn accused Ms. Gorski of prostitution, drug use, and extortion. *See id*. Eventually, Kansas placed the children in state custody. *See id*.

In November 2015 and April 2016, Mr. Shophar filed *pro se* lawsuits in the United States District Court for the District of Kansas, naming as defendants various persons, organizations, and governmental entities involved in these events. *See id*. at 580, 581. He attempted to allege numerous causes of action arising from the defendants' purported "support" of Ms. Gorski. *Id*. The district court dismissed both lawsuits for failure to state a claim. *See id*. at 581. We affirmed. *See id*. at 580–82.

In May 2019, Mr. Shophar, now joined by Mrs. Shophar, filed a new lawsuit in the United States District Court for the Northern District of Illinois. They captioned their complaint "petition for emergency writ of habeas corpus" and invoked two federal habeas statutes, 28 U.S.C. §§ 2241 and 2254. R. at 13 (capitalization normalized; emphasis omitted). Claiming next-friend status to Mr. Shophar's

2

children with Ms. Gorski, the Shophars argued that the children were "illegally being held in the State of Kansas as wards of the State of Kansas." *Id*. (capitalization normalized; emphasis omitted). The Shophars named as defendants:

- the United States, which has allegedly failed to supervise the state and local agencies that receive federal child-welfare funding;

- Johnson County, Kansas, where child-custody proceedings took place;

- Kathleen L. Sloan, judge of the Johnson County District Court, who presided over the child-custody proceedings;

- the Kansas Department of Children and Families (DCF);

- Stacey Bray, a DCF caseworker;

- KVC Health, a child-advocacy group and DCF contractor;

- Saarah Ahmad, a KVC Health caseworker;

- Kimberly Smith, also a KVC Health caseworker;

- Erica Miller, a Johnson County assistant district attorney involved in the child-custody proceedings;

- Richard Klein, the children's guardian ad litem;

- Marc Berry, Ms. Gorski's court-appointed attorney;

- Paul LaFleur, Mr. Shophar's estranged brother who participated in the custody proceedings;

- Teena Wilkie, a friend of Ms. Gorski who became a foster parent for the children; and

3

- Nathan Wilkie, Teena's husband, who also became a foster parent for the children.

The Shophars accused the defendants of violating the children's Fourth and Fourteenth Amendment rights, Mr. Shophar's Fourth and Fourteenth Amendment rights, several statutes relating to child welfare and civil rights, and certain federal criminal statutes. In addition to habeas relief for the children, the Shophars sought various forms of injunctive and declaratory relief, and damages from at least DCF, KVC Health, LaFleur, and the Wilkies.

A little more than a month after the complaint was filed, the Northern District of Illinois transferred the case to the District of Kansas, stating that "[t]he sole venue for a 28 U.S.C. § 2241 habeas corpus petition is the judicial district where the individuals whose release are being sought are located." R. at 65.

Following transfer, eight of the fourteen defendants moved to dismiss. The district court granted those motions and dismissed all defendants without prejudice, including those who had yet to appear or move for dismissal. The district court held that it must dismiss all claims brought by the Shophars purportedly on the children's behalf, because "a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney." *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (construing Fed. R. Civ. P. 17(c)). *But cf. Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1301 (10th Cir. 2011) (holding that this rule does not apply to parents of children appealing a denial of Social Security benefits). And it said that it lacked jurisdiction over the claims brought by the parents themselves

4

for three reasons: (1) federal courts have no jurisdiction over child-custody disputes, *see* 3E Charles Alan Wright et al., *Federal Practice & Procedure* § 3609.1, text following n.32 (3d ed., Apr. 2020 update) ("[Despite recent cases cutting back on the scope of the domestic relations exception,] child custody generally is a matter that should be viewed as being at the heart of the domestic relations exception so that only special circumstances should bring it within the purview of the jurisdiction of a federal court."); (2) the writ of habeas corpus does not extend to child-custody determinations, *see Lehman v. Lycoming Cty. Children's Servs. Agency*, 458 U.S. 502, 511 (1982) ("federal habeas has never been available to challenge parental rights or child custody," including the custody of foster or adoptive parents over a child); and (3) the *Rooker-Feldman* doctrine prohibits federal courts (other than the Supreme Court) from reviewing state-court decisions, such as the child-custody decisions at issue here, *see D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 42 (1983).

## II.    ANALYSIS

We review a district court's real-party-in-interest rulings for abuse of discretion. *See Esposito v. United States*, 368 F.3d 1271, 1273 (10th Cir. 2004). We review de novo a district court's conclusion that it lacks subject-matter jurisdiction. *See Colo. Envtl. Coal. v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004).

In response to the district court's decision prohibiting them from acting as next friends to their children, the Shophars assert, without elaboration, that "[the children's] cases can be brought by their adult Next Friend when filing a Habeas

5

Case 5:19-cv-04052-HLT-KGG   Document 90   Filed 01/25/21   Page 6 of 8
Appellate Case: 19-3281   Document: 010110446135   Date Filed: 12/02/2020   Page: 6

Corpus for State or Federal cases." Aplt. Opening Br. at 9. "[S]tray sentences like these are insufficient to present an argument." *Eizember v. Trammell*, 803 F.3d 1129, 1141 (10th Cir. 2015). The Shophars fail to even give us a lead to authority that might support their assertion. They therefore waive whatever challenges they may have had to this basis for dismissal. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived . . . .").

The Shophars similarly fail to present an adequate argument that their claims for declaratory or injunctive relief are not barred by the district court's first two grounds for holding that it lacked jurisdiction: the doctrines that habeas jurisdiction does not extend to questions of child custody and that federal courts ordinarily lack jurisdiction to decide child-custody questions. Their challenges to those rulings are limited to an attack on the district court's underlying premise, *i.e.*, that this lawsuit is fundamentally a child-custody dispute. *See* Aplt. Opening Br. at 4 ("The Action is not a challenge to a State custody order . . . ."); *id.* at 6 ("The Court errs to document the Appellants are looking to overturn a custody ruling."); *id.* at 8 ("The Plaintiffs are not [asking] the Federal Court of Kansas to 'return to their custody.'" (brackets in original)); *id.* at 13 ("This case i[s] not a 'custody' matter between a father and a mother."). This is so, they explain, because "[Mr. Shophar] has custody of his children by DEFAULT of Krissy Gorski's criminal conduct." *Id.* at 6. The Shophars appear to be saying that Gorski has forfeited custody by operation of law, so an order

6

returning the children to Mr. Shophar would not interfere with a state-court custody order.

This attempt at clever lawyering fails. There is no reasonable way to read the Shophars' complaint (however obscure much of the language is) as anything but an attempt to obtain custody of the children (and seek damages, which will be addressed shortly). To the extent that the complaint seeks an injunction to give Mr. Shophar custody of the children or seeks a declaration that he is entitled to that custody, the district court lacked jurisdiction to resolve the merits.

There remain the damages claims in the complaint. But as best we can decipher that pleading, all the alleged damages suffered by the Shophars resulted from the court decisions regarding custody. In other words, an essential element of their damages claims is that the state courts' various custody decisions were in error. And this court has recognized that a claim is barred by *Rooker-Feldman* when the "claim has merit only if the state-court . . . order was unlawful." *Campbell v. City of Spencer*, 682 F.3d 1278, 1284 (10th Cir. 2012). The Shophars' arguments against application of *Rooker-Feldman* amount to little more than complaints that they have been wronged by violations of federal law and a federal court must therefore afford them relief. But the lower federal courts have no authority—that is, no jurisdiction— to give relief from state-court judgments, whether the Shophars participated in the state-court proceedings (and presumably lost) or were mere interested bystanders. The district court's application of *Rooker-Feldman* was correct.

7

Finally, if there is any respect in which the Shophars' claims fall outside the reasons for dismissal relied upon by the district court, they have not explained it to us. When faced with a similar situation, where the plaintiff had "made her complaint unintelligible by scattering and concealing in a morass of irrelevancies the few allegations that matter," we stated that "it hardly matters whether the district court dismissed [plaintiff's] complaint because it believed all of her claims were barred by *Rooker-Feldman* or simply because it could not separate the wheat from the chaff." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (internal quotation marks omitted). Then, as here, "[i]t was not the district court's job to stitch together cognizable claims for relief from the wholly deficient pleading that [plaintiff] filed. As we have frequently noted, we are loath to reverse a district court for refusing to do the litigant's job." *Id*.

We conclude that the district court properly dismissed without prejudice all claims for the reasons it expressed.

### III. CONCLUSION

We affirm the district court's judgment.

                                              Entered for the Court

                                              Harris L Hartz
                                              Circuit Judge